# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01155-COA

**ACE JOE MALLARD A/K/A ACE J. MALLARD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2023 |
| TRIAL JUDGE: | HON. CLAIBORNE McDONALD |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ACE JOE MALLARD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/29/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     On February 24, 2023, Ace Joe Mallard filed his second motion seeking post-conviction collateral relief (PCR) from his December 3, 2020 conviction and sentence for second-degree murder. Finding that Mallard's PCR motion was barred as successive and failed to meet any statutory exceptions, the Lamar County Circuit Court entered an order denying Mallard's second PCR motion. Because we find no error, we affirm the circuit court's order.

## FACTS

¶2.     "On November 18, 2020, Mallard pled guilty to the charge of second-degree murder." *Mallard v. State*, 362 So. 3d 88, 90 (¶5) (Miss. Ct. App. 2023). During the plea proceedings,

Mallard acknowledged his understanding that he was entering an open plea "in which the State made no recommendation as to his sentence." *Id.* Following the entry of Mallard's guilty plea and a subsequent sentencing hearing, the circuit court entered an order on December 3, 2020, sentencing Mallard to serve forty years in the custody of the Mississippi Department of Corrections without eligibility for parole. *Id.* at (¶¶5-7).

¶3. On May 11, 2021, Mallard filed his first PCR motion. *Id.* at (¶8). He asserted that his statutory right to a speedy trial had been violated and that the sentence provided in the order of conviction conflicted with the sentence reflected in the sentencing-hearing transcript. *Id.* After an evidentiary hearing on Mallard's claims, the circuit court denied Mallard's PCR motion. *Id.* at 91 (¶12). On appeal, this Court addressed the merits of Mallard's claims and affirmed the circuit court's order denying Mallard's PCR motion. *Id.* at 93 (¶21).

¶4. On February 24, 2023, Mallard filed his second PCR motion. He first contended that his guilty plea was involuntary because the prosecution had failed to prove a factual basis for the charge. Mallard next alleged that his trial attorney had improperly induced him to plead guilty. Finally, Mallard reasserted his claim that the sentence provided in the order of conviction conflicted with the sentence reflected in the sentencing-hearing transcript. The circuit court found that Mallard's present PCR motion was barred as successive, failed to meet any exceptions to the statutory bar, and alternatively failed on the merits. The circuit court therefore denied Mallard's instant PCR motion. Aggrieved, Mallard appeals.

**STANDARD OF REVIEW**

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Mallard*, 362 So. 3d at 91 (¶13) (quoting *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019)).

## DISCUSSION

¶6.     As discussed, Mallard's present appeal arises from the circuit court's order denying his second PCR motion. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) "bars PCR motions from this Court's review if the movant has filed a previous PCR motion." *Hughes v. State*, 360 So. 3d 657, 660 (¶9) (Miss. Ct. App. 2023) (quoting *Porter v. State*, 281 So. 3d 935, 938 (¶12) (Miss. Ct. App. 2019)); *accord* Miss. Code Ann. § 99-39-23(6) (Rev. 2020). As the PCR movant, Mallard "bears the burden of proving by a preponderance of the evidence that his claim is not . . . barred as a successive writ." *Mangum v. State*, 333 So. 3d 634, 638 (¶16) (Miss. Ct. App. 2022) (quoting *O'Neal v. State*, 281 So. 3d 274, 278 (¶13) (Miss. Ct. App. 2019)).

¶7.     In his attempt to circumvent the successive-motions bar, Mallard asserts that the fundamental-rights exception applies to his claims and that he has newly discovered evidence that would have changed the outcome of any trial proceedings. The Mississippi Supreme Court recently held, however, that the fundamental-rights exception no longer applies to overcome the UPCCRA's statutory bars. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). Thus, Mallard's argument that the fundamental-rights exception prevents his claims from being statutorily barred must fail.

¶8. Included among the UPCCRA's exceptions to the successive-motions bar is the exception for newly discovered evidence. This exception applies when a movant demonstrates "he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-23(6). With regard to this exception, Mallard contends in his appellate brief that his trial attorney improperly induced him to plead guilty to second-degree murder by telling him that "there was no evidence in the discovery that supported" his claim of self-defense. Mallard contends, though, that while reviewing the discovery in his case for the first time after his conviction, he discovered a photograph of a knife in a kitchen sink. According to Mallard, the knife constitutes proof of his self-defense theory.

¶9. Despite Mallard's claims, the photograph of the knife does not qualify as newly discovered evidence under section 99-39-23(6). First, as Mallard himself admits, the photograph was available during discovery, and he failed to show that through "the exercise of due diligence," the evidence "could not have been discovered" before he entered his guilty plea. *Malone v. State*, 379 So. 3d 388, 396 (¶17) (Miss. Ct. App. 2024) (discussing the proof a movant must provide to prevail on a claim of newly discovered evidence). Moreover, as the State points out, "the knife alone does not prove [Mallard's] self-defense claim." As a result, the evidence showing the knife in the kitchen sink fails to constitute "practically conclusive [evidence] that, if it had been introduced at trial, . . . would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-23(6). We therefore

4

conclude that the UPCCRA's exception for newly discovered evidence fails to apply to Mallard's claim.

¶10.    In addition to his allegation that his trial attorney improperly induced his guilty plea, Mallard renews the other two arguments made in his second PCR motion. These arguments include claims that his guilty plea was involuntary because the State failed to prove a factual basis for second-degree murder and that the sentence from his order of conviction conflicted with the sentence reflected in the sentencing-hearing transcript. Not only does Mallard fail to prove by a preponderance of the evidence that a recognized exception to the successive-motions bar applies to these claims, but the record clearly reflects that he previously raised the issue of the alleged sentencing conflict in his first PCR motion.

¶11.    On appeal from the circuit court's order denying Mallard's first PCR motion, we considered the merits of Mallard's argument regarding the alleged conflict between his order of conviction and sentencing-hearing transcript and found that "overwhelming" record evidence supported the circuit court's decision to deny Mallard's claim. *Mallard*, 362 So. 3d at 93 (¶20). Because Mallard's current PCR motion is successive and because he either has failed to prove that an exception to the statutory bar applies or has requested relief on grounds already denied by this Court, we find no error in the circuit court's order denying Mallard's second PCR motion.

¶12.    In affirming the circuit court's order denying Mallard's current PCR motion as successive, we acknowledge that Mallard has asserted additional issues on appeal that he failed to raise before the circuit court. Our caselaw is well settled that this Court will "not

5

entertain arguments made for the first time on appeal[,] as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Smith v. State*, 385 So. 3d 879, 883 (¶10) (Miss. Ct. App. 2024) (quoting *Mitchell v. Miss. Dep't of Emp. Sec.*, 348 So. 3d 1030, 1034 (¶13) (Miss. Ct. App. 2022)). As a result, we decline to further address the issues that Mallard raises for the first time on appeal.

## CONCLUSION

¶13. Upon review, we find no error. We therefore affirm the circuit court's order denying Mallard's second PCR motion as successive.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WEDDLE, J., NOT PARTICIPATING.**